FILED
FEB 14 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ERIC J. DAVIS, | ) | CASE NO. 1:18 CV 2911 |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| WARDEN LASHANN EPPINGER, | ) | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | ) | |

*Pro se* Petitioner Eric J. Davis has filed a Petition Under 28 U.S.C. § 2254 for a Writ of *Habeas Corpus,* in which he challenges a judgment of conviction in the Medina County Court of Common Pleas on "16 Different Charges." (Doc. No. 1.)[1] The sole ground asserted in his Petition is that his conviction violates his constitutional rights because "no complaint was ever filed" and the trial court therefore never had proper subject-matter jurisdiction. (*Id.* at ¶ 12.) The Petition indicates Petitioner previously raised this challenge in a petition for a writ of habeas corpus filed with the Ohio Supreme Court in 2018, which the Ohio Supreme Court dismissed *sua sponte*. (*Id.* at ¶ 12(e).)

Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under § 2254, a federal district court is required to examine a habeas corpus petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

---

[1] Although the Petition does not further describe Petitioner's conviction, Petitioner was convicted in Medina County in 1981 of multiple offenses, including counts of murder, arson, and aggravated burglary. *See State v. Davis*, 4 Ohio App.3d 199, 447 N.E.2d 139 (9th Dist. Ct. App. 1982).

the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" habeas corpus petitions that lack merit on their face).

The Court finds that the Petition must be summarily dismissed. A federal court may entertain a habeas corpus petition filed by a person in state custody only on the ground that he is custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. Further, an application for a writ of habeas corpus may not be granted unless it appears that the petitioner has exhausted all "remedies available in the courts of the State." 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam).

The Petition does not indicate that Petitioner properly exhausted his state remedies as to his asserted claim. Even assuming he properly exhausted his state remedies, his Petition does not assert a cognizable federal constitutional claim. It is well-established that federal *habeas corpus* review does not extend to questions of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67– 68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). "A determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (per curiam). Accordingly, whether an indictment or other charging document is sufficient to confer jurisdiction in a state criminal case is an issue of state law not cognizable on federal habeas corpus review unless the charging document is so deficient as to deprive a petitioner of fair notice of the charges against him. *See Callahan v. Eppinger*, Case No. 1: 18 CV 1657, 2018 WL 5620110, at *1 (N.D. Ohio Oct. 30, 2018), citing cases. Petitioner does not contend he

lacked notice of the charges against him in the Medina County criminal case.

Accordingly, no cognizable federal claim is asserted in the Petition, and the Petition is denied and this case is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE